IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES E. KEENER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: 3:05-0259 |
| ) | Judge Trauger/Brown |
| RANDY JETT, et al., ) | **Jury Demand** |
| ) | |
| Defendants. ) | |

**TO:    The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

**I.  INTRODUCTION**

For the reasons stated below, the Magistrate Judge **recommends** that this case be **dismissed** without prejudice for failure to obtain service of process on a defendant within 120 days, as provided by Rule 5(m) of the Federal Rules of Civil Procedure.

**II. BACKGROUND**

The plaintiff acting pro se filed this complaint on March 31, 2005 (Docket Entry No. 1). Subsequently, the plaintiff apparently attempted to obtain service of process on Bennie Jean Shonowo (Docket Entry No. 4). However, as pointed out by the Magistrate Judge in an order entered May 16, 2005, there is a serious question as to whether this service of process is valid, inasmuch as the process server swears that he executed the document on April 9 but says that he did not serve it until April 10, 2005. See Docket Entry Nos. 4 and 9. There has been no indication whatever that proof of service has been obtained on Randy Jett.

The plaintiff was warned on July 1, 2005 (Docket Entry No. 13) of his failure to correct the deficiency noted in his service of process on Bennie Jean Shonowo, and was specifically warned that failure to properly pursue his case could result in the case being dismissed without prejudice for failure to prosecute. The defendant was given 30 days from the entry of the Magistrate Judge's order (Docket Entry No. 13) on July 1, 2005, to file appropriate pleadings or risk having his case dismissed. As of the date of this Report and Recommendation, the plaintiff has taken no further action.

### III. LEGAL DISCUSSION

The case against Mr. Jett should be dismissed under Rule 5(m) inasmuch as it has now been more than 120 days and the plaintiff, after being warned, has still not obtained service of process on Mr. Jett. Likewise, it appears that the plaintiff has failed to obtain proper service of process on Bennie Jean Shonowo, and despite being given an opportunity to correct the apparent deficiency in the service has failed to do so.

While the sanction of dismissal should not be lightly entertained, in this case the plaintiff has been specifically warned of the consequences of failing to proceed and given an opportunity to correct the deficiencies, which were pointed out to him. The plaintiff has taken no action to correct the deficiencies. Accordingly, under Sixth Circuit law, the Magistrate Judge has considered lesser sanctions and the plaintiff has been specifically warned of the consequences of failure to take action.

Buck v. U.S. Department of Agriculture, 960 F.2d 603 (6th Cir. 1992).

**IV. RECOMMENDATION**

For the reasons stated above, the Magistrate Judge **recommends** that this case be **dismissed** without prejudice for failure to prosecute by obtaining service of process, under Rule 5(m) of the Federal Rules of Civil Procedure, as well as without prejudice under Rule 41(b) of Federal Rules of Civil Procedure for failure to prosecute and to obey court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 9th day of August, 2005.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge