IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVLLE DIVISION

| | | |
|---|---|---|
| JAMES E. KEENER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:05-0259 |
| | ) | Judge Trauger |
| RANDY JETT, d/b/a Credit Secrets, and BENNIE JEAN SHONOWO, d/b/a Credit Secrets, | ) ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On August 9, 2005, the Magistrate Judge issued a Report and Recommendation, recommending that this case be dismissed without prejudice. (Docket No. 14) The plaintiff has filed a timely Objection (Docket No. 16). For the reasons expressed herein, the Report and Recommendation is **AFFIRMED IN PART** and **REJECTED IN PART**.

The Report and Recommendation recommends that defendant Randy Jett, d/b/a Credit Secrets, be dismissed without prejudice for failure to effect service of process. The plaintiff concedes that he has been unable to serve process upon Randy Jett "due to Jett fleeing to Africa to avoid prosecution of this matter" and states that he "does not object to the dismissal of defendant Randy Jett, without prejudice." (Docket No. 16 at 2) Defendant Jett will be dismissed without prejudice.

The Report and Recommendation erroneously states that the plaintiff has failed to comply with the July 1, 2005 deadline to clarify the service date upon defendant Shonowo. In fact, on June 30, 2005, the plaintiff filed the Declaration of the private investigator who was the process server, Shelley Anderson, stating that service was had upon defendant Bennie Jean

1

Shonowo on April 9, 2005. (Docket No. 11)[1]  The court finds that the Declaration of the process server is sufficient to establish the service date upon defendant Bennie Jean Shonowo, d/b/a Credit Secrets, as April 9, 2005.  The plaintiff's Objection is therefore **SUSTAINED**, and the court declines to dismiss the case against defendant Shonowo, as recommended by the Magistrate Judge.

What remains, however, is for the plaintiff to establish that he has complied with the Servicemembers Civil Relief Act of 2003.  On August 15, 2005, the Clerk found that the plaintiff had not so complied with regard to defendant Shonowo.  (Docket No. 15)  The plaintiff has now presented an additional Affidavit on this issue (Docket No. 17), which the court now **REFERS** to the Clerk for a determination as to whether it sufficiently complies with the Act to justify the entry of default against defendant Shonowo.

For the reasons expressed herein, it is hereby **ORDERED** that the claims against defendant Randy Jett, d/b/a Credit Secrets, are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m), FED. R. CIV. P.  It is further **ORDERED** that the Clerk shall determine whether the plaintiff has complied with the Servicemembers Civil Relief Act of 2003 with regard to the remaining defendant, Bennie Jean Shonowo.

It is so **ORDERED.**

Enter this 25th day of August 2005.

_____
ALETA A. TRAUGER
U.S. District Judge

---

[1] The Magistrate Judge was troubled by the fact that the Return of Service showed in one place a service date of April 10, 2005 and in another a service date of April 9, 2005. (Docket No. 4)